IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | CRIMINAL NO.  1:20CR00281-001 |
| v. ) | |
| ) | Sentencing Date:  April 28, 2021 |
| ROBERT ANDERSON NEBLETT, JR., ) | |
| Defendant. ) | The Honorable Rossie D. Alston, Jr. |

### POSITION OF THE UNITED STATES
### WITH RESPECT TO SENTENCING

The United States of America, through its attorneys, Raj Parekh, Acting United States Attorney, and Nicholas J. Patterson, Assistant United States Attorney, and in accord with 18 U.S.C. § 3553(a) and the United States Sentencing Commission, *Guidelines Manual,* § 6A (Nov. 2014), files this Position of the United States with Respect to Sentencing in the instant case. The United States asks the Court to impose a sentence within the properly calculated guidelines in this case (12 to 18 months). Such a guideline sentence appropriately accounts for each of the factors set forth in 18 U.S.C. § 3553(a). The detailed statement of facts in this case is based upon a thorough investigation conducted by the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") and captures Robert Anderson Neblett, Jr.'s participation in a conspiracy to make false statements in connection with the purchase of firearms.

### BACKGROUND

From on or about February 10, 2019, and continuing through on or about November 24, 2019, in the Eastern District of Virginia and elsewhere, Neblett knowingly conspired with Jason Edward Spicer to knowingly make false statements and representations with respect to the

information required to be kept in the records of a licensed gun dealer in connection with the purchase of firearms in violation of Title 18, United States Code, Sections 371 and 924(a)(1)(A).

Spicer purchased approximately twenty-four (24) firearms from FFLs at gun shows in the state of Virginia dating back to on or about February 10, 2019. Neblett provided the funds for these purchases in cash and transported Spicer to and from the gun shows. For each of the firearms purchases, Spicer provided an address in Starr Tannery, Virginia, in the Eastern District of Virginia, on the ATF Form 4473, which is the Firearms Transaction Record filled out by a firearms purchaser. The form is required by law to be filled out by the purchaser from an FFL at the time of purchase.

During a meeting with ATF on December 16, 2019, Neblett admitted to giving Spicer money for the two firearms of which he was in possession. Neblett stated that he went into the gun shows with Spicer and chose the firearms he wanted Spicer to buy for him. Neblett also admitted driving Spicer to the gun shows in Virginia and driving him back to Maryland. Neblett provided ATF with two firearms in his possession and consented to a search of his phone.

## ARGUMENT

### I. Applicable Sentencing Law

The Sentencing Guidelines promulgated by the Sentencing Commission are advisory, although sentencing courts "must consult those Guidelines and take them into account when sentencing." *United States v. Booker*, 543 U.S. 220, 264 (2005). "The Guidelines require the district judge to give due consideration to the relevant sentencing range. . . ." *Freeman v. United States*, 564 U.S. 522, 530 (2011) (plurality opinion). In "the ordinary case, the Commission's recommendation of a sentencing range will 'reflect a rough approximation of

sentences that might achieve § 3553(a)'s objectives.'" *Kimbrough v. United States*, 552 U.S. 85, 109 (2007) (quoting *Rita v. United States*, 551 U.S. 338, 350 (2007)). Accordingly, a "district court shall first calculate (after making the appropriate findings of fact) the range prescribed by the guidelines. Then, the court shall consider that range as well as other relevant factors set forth in the guidelines and those factors set forth in [18 U.S.C.] § 3553(a) before imposing the sentence." *United States v. Hughes*, 401 F.3d 540, 546 (4th Cir. 2005).

The "'Guidelines should be the starting point and the initial benchmark,' keeping in mind that a sentencing court 'may impose sentences within statutory limits based on appropriate consideration of all of the factors listed in § 3553(a), subject to appellate review for reasonableness.'" *Pepper v. United States*, 562 U.S. 476, 490 (2011). Although "the Guidelines are advisory rather than mandatory, they are . . . the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions." *Gall v. United States*, 552 U.S. 38, 46 (2007). A sentencing court, therefore, "must first calculate the Guidelines range, and then consider what sentence is appropriate for the individual defendant in light of the statutory sentencing factors, 18 U.S.C. § 3553(a), explaining any variance from the former with reference to the latter." *Nelson v. United States*, 555 U.S. 350, 351 (2009).

Section 3553(a) states that the court should consider the nature and circumstances of the offense and characteristics of the defendant. In addition, the court must consider other factors, including the need for the sentence "to reflect the seriousness of the offense, to promote respect for law, and to provide just punishment for the offense; [and] to afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(A) & (B). The court should also consider the need

to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. 18 U.S.C. § 3553(a)(6).

## II. A Guideline Sentence is Consistent with the Factors and Considerations Set Forth in 18 U.S.C. § 3553(a) and (b).

Section 3553(a) requires a sentencing court to consider the nature and circumstances of the offense and the history and characteristics of the defendant, as well as the need for the sentence imposed to: reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

*Nature and Circumstances of the Offense*: Applying these sentencing factors to the facts of this case demonstrates that a guideline sentence is both appropriate and reasonable. It is also important that the defendant's sentence deter others from committing similar crimes. *See United States v. Miller*, 484 F.3d 964, 967-68 (8th Cir. 2007) ("general deterrence . . . is one of the key purposes of sentencing . . . .").

*History and Characteristics of Defendant*:

Neblett understood he was breaking the law when he entered in a conspiracy to make false statements in connection with the purchase of firearms. Firearms are commercially available from licensed firearms dealers in the Commonwealth of Virginia and Neblett was not a prohibited person. That this defendant had Spicer purchase the firearms and then sold firearms to other individuals demonstrates the defendant's awareness that he was violating the law. A guideline sentence in this case would deters others who would seek to enter into a conspiracy to make false statements in connection with the purchase of firearms and then sell the firearms to

other individuals.

## CONCLUSION

For the above-stated reasons, the United States submits that a sentence in the middle of the guideline range is appropriate and necessary to protect the community and promote respect for the law and accounts for each of the factors set forth in 18 U.S.C. § 3553(a).

                        Respectfully submitted,

                        Raj Parekh
                        Acting United States Attorney

                                        /s/
                        Nicholas Patterson
                        Assistant United States Attorney
                        United States Attorney's Office
                        2100 Jamieson Avenue
                        Alexandria, Virginia 22314
                        Phone:   571-214-8221
                        Email Address: nicholas.patterson@usdoj.gov

CERTIFICATE OF SERVICE

      I hereby certify that on the 21st day of April, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Eugene V. Gorokhov, Esquire

And I hereby certify that I have sent the foregoing by email to the following individual:

Kenneth Orsino
U.S. Probation Officer
Kenneth_Orsino@vaep.uscourts.gov

                                                  /s/
                                       Nicholas J. Patterson
                                       Assistant United States Attorney
                                       Attorney for the United States of America
                                       United States Attorney's Office
                                       Justin W. Williams U.S. Attorney's Building
                                       2100 Jamieson Avenue
                                       Alexandria, Virginia 22314
                                       Phone:   571-214-8221
                                       Fax: 703-739-9556
                                       Email Address: nicholas.patterson@usdoj.gov